IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROND R. McBRIDE, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | NO. 13-1768 |
| PENNSYLVANIA, et al., | : | |
| Respondents. | : | |

ORDER

AND NOW, this 24th day of March 2014, upon consideration of the Report and Recommendation of United States Magistrate Judge M. Faith Angell (Doc. No. 14) and Petitioner Rond R. McBride's timely objections thereto (Doc. No. 15), and upon independent review of McBride's Petition for Relief From a Conviction or Sentence By a Person in State Custody (Doc. No. 5) and his supplement thereto (Doc. No. 6), it is hereby ORDERED as follows:

1. The Report and Recommendation (Doc. No. 14) is APPROVED and ADOPTED.

    This Court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

    McBride writes that he "would like to object to the Report [and] Recommendation," but acknowledges that his objections "will not do any good because [he] did not exhaust state court remedies." (Pet'r's Objections 1 (capitalization omitted), Doc. No. 15.) McBride explains that, on October 22, 2013, he filed a petition for relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541, *et seq.* (Id.) The state-court docket indicates that this petition is pending before the Court of Common Pleas of Delaware County. See Docket 10, Commonwealth v. McBride, No. CP-23-CR-5057-2009 (Ct. Com. Pl. Delaware Cnty. Jan. 6, 2014); see also Docket 5, Commonwealth v. McBride, No. CP-23-CR-5222-2012 (Ct. Com. Pl. Delaware Cnty. Jan. 2, 2014).

"One of the threshold requirements for a § 2254 petition is that, subject to certain exceptions, the petitioner must have first exhausted in state court all of the claims he wishes to present to the district court." Heleva v. Brooks, 581 F.3d 187, 189 (3d Cir. 2009). "The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights." Evans v. Court of Common Pleas, Delaware Cnty., Pa., 959 F.2d 1227, 1230 (3d Cir. 1992). In Pennsylvania, a state prisoner exhausts her claims by presenting those claims to the Superior Court on direct appeal or by presenting those claims to the Pennsylvania courts in a PCRA petition. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (holding that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues" before presenting those issues to the federal courts); Lambert v. Blackwell, 387 F.3d 210, 233 (3d Cir. 2004) (holding that "review from the Pennsylvania Supreme Court [is] 'unavailable' for purposes of exhausting state court remedies under § 2254(c)"); Holloway v. Horn, 355 F.3d 707, 718 (3d Cir. 2004) ("A petitioner who has raised an issue on direct appeal is not required to raise it again in a state post-conviction proceeding." (internal quotation marks omitted)).

McBride's petition indicates that he raised none of his claims for habeas relief on direct appeal because his counsel was "ineffective." (Habeas Pet. 9, 10–11, 12, 14, Doc. No. 5; accord Crim. Docketing Statement 3, Doc. No. 5, at 22; Commonwealth v. McBride, No. 820 EDA 2013, slip op. at 7–8 (Pa. Super. Ct. Sept. 9, 2013), Doc. No. 15, at 42). And the Pennsylvania courts have yet to resolve McBride's PCRA petition. Under these circumstances, we must dismiss McBride's petition because he has not given the Pennsylvania courts one full opportunity to resolve his claims.

2. The Petition (Doc. No. 5) is DISMISSED WITHOUT PREJUDICE.

3. A certificate of appealability SHALL NOT issue.

4. The Clerk of Court shall mark this matter CLOSED for statistical purposes.

    BY THE COURT:

    /s/ Legrome D. Davis

    Legrome D. Davis, J.